IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STOYAN MARKOV, GERRY G. SEBASTIAN, and ZORICA ZUKIC, Individually and on Behalf of Other Similarly Situated Persons,<br><br>   Plaintiffs,<br><br> VS.<br><br>GOLDEN ISLES CRUISE LINES INC., and APEX ENTERTAINMENT MANAGEMENT LLC.,<br><br>   Defendants. | CIVIL ACTION NO. |

## COMPLAINT

COME NOW the Plaintiffs, STOYAN MARKOV, GERRY G. SEBASTIAN, and ZORICA ZUKIC, who bring this action to recover unpaid wages and overtime compensation due them and other similarly situated persons under the Fair Labor Standards Act of 1938, as amended, and show the Court as follows, to-wit:

1. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Fair Labor Standards Act, as well as by 28 USC § 1337.

2. The Defendant, GOLDEN ISLES CRUISE LINES, INC., is a Georgia corporation with its principal place of business in Glynn County, Georgia, and at all times mentioned herein was an "enterprise engaged in commerce", as defined in the Fair Labor Standards Act.

3. The Defendant, APEX ENTERTAINMENT MANAGEMENT, LLC., is a Georgia Limited Liability Company with its principal place of business in Glynn County, Georgia, and at all times mentioned herein was an "enterprise engaged in commerce", as defined in the Fair Labor Standards Act.

4. The dealers on the Emerald Princess were paid by GOLDEN ISLES CRUISE LINES, INC., until some time in 2012 or 2013 at which point, the dealers were paid by APEX ENTERTAINMENT MANAGEMENT, LLC., but there was no substantial change in their actual work duties or the employment practices applicable to the Plaintiffs.

5. The Plaintiffs, and other similarly situated employees of GOLDEN ISLES CRUISE LINES, INC., and APEX ENTERTAINMENT MANAGEMENT, LLC., were dealers in the gambling operations on a vessel known as the **Emerald Princess**, which was based and docked on a daily basis in Brunswick, Glynn County, Georgia.

6. The Plaintiffs show that the Emerald Princess took customers from the dock at the foot of the Sidney Lanier Bridge through the channel between Jekyll Island and St. Simons Island and proceeded a short distance within the territorial waters of the United States, where the Emerald Princess would stop and stay stationary for a number of hours while customers would gamble. The Plaintiffs did no work related to the movement of the vessel.

7. The Plaintiffs show that they and other similarly situated Plaintiff who worked as dealers on the Emerald Princess were paid less than the minimum wage, based upon the Defendants' contention that the Defendants could lawfully reduce the amounts paid by the Defendants to the Plaintiffs in wages because of tips that the Emerald Princess customers paid to the Plaintiffs and similarly situated dealers.

8. The Plaintiffs show that the Defendants created a "tip pool" arrangement where all the tips paid to the Plaintiffs and all other dealers were aggregated and split among the dealers on each cruise, but which were also shared in by management employees who did not earn or customarily receive tips.

9. The Plaintiffs show that they sometimes worked over forty hours per week, and they were paid no overtime compensation by the Defendants during their employment on the Emerald Princess.

10. The Plaintiffs show that because the tip pool arrangement followed by the Defendants was not in compliance with the Fair Labor Standards Act, the Plaintiffs have not been paid the lawful minimum wage, and they are entitled to recover the difference between what they should have been paid by the Defendants in minimum wages and the amount which the Plaintiffs received for each cruise, which lasted from six to seven and one-half hours.

11.  The Plaintiffs show that because the Defendants have not acted in good faith in failing to pay minimum wages and overtime, the Defendants are liable to the Plaintiffs and all similarly situated employees for an amount equal to the unpaid wages and overtime compensation, as liquidated damages under the Fair Labor Standards Act.

12.  The Plaintiffs show that they are entitled to recover overtime compensation for all hours worked in excess of forty hours per week, at the rate of one and one-half times their regular straight-time hourly rate. The overtime rate should be based upon the amounts which the employees should have received as a minimum wage from the Defendants, plus the amounts that the Plaintiffs earned in tips, without any reduction for the shares of the tip pool which were paid to management employees.

13.  The Plaintiffs show that it has been necessary for the Plaintiffs to have the services of attorneys to institute and prosecute this action against the Defendants, and the Plaintiffs have employed the attorneys now appearing herein on their behalf. The Plaintiffs will be required to expend reasonable attorney's fees for said attorneys in the interest of this action, and to expend other costs and expenditures necessarily incurred, and the Plaintiffs have agreed to pay said attorneys for their services herein.

14. The Plaintiffs show that they are fit and proper persons to represent all other similarly situated persons who were employed by the Defendants in the State of Georgia who were also not paid the correct amounts of minimum wages and overtime by the Defendants.

15. The Defendants should be required to pay the Plaintiffs' reasonable attorneys' fees and the other costs, all as authorized by the Fair Labor Standard Act.

16. Attached hereto are copies of the consents of STOYAN MARKOV, GERRY G. SEBASTIAN, and ZORICA ZUKIC, to be Plaintiff in the within action.

Wherefore, the Plaintiffs pray:

A. That the Defendants be served with a summons and copy of this Complaint, requiring the Defendants to answer said Complaint;

B. That the Plaintiffs and all other similarly situated persons have and recover from the Defendants all unpaid wages and overtime, along with liquidated damages, all as provided by the Fair Labor Standard Act and the laws of the State of Georgia, as well as their reasonable attorneys' fees; and

C. For a trial by jury; and

D. For such other and further relief as to the Court may seem just and proper.

This the 29th day of January, 2015.

_____
W. DOUGLAS ADAMS
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
(912) 265-1966

_____
RITA C. SPALDING
ATTORNEY FOR PLAINTIFF

1522 Richmond Street
Brunswick, Georgia 31520
(912) 261-8686

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STOYAN MARKOV, GERRY G. SEBASTIAN, ZORICA ZUKIC, Individually and on Behalf of Other Similarly Situated Persons,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOLDEN ISLES CRUISE LINES INC., and APEX ENTERTAINMENT MANAGEMENT LLC.,<br><br>    Defendants. | CIVIL ACTION NO. |

## CONSENT TO LEGAL ACTION

I, GERRY G. SEBASTIAN, hereby consent to being a Plaintiff in the above styled action against GOLDEN ISLES CRUISE LINES, INC., and APEX ENTERTAINMENT MANAGEMENT, LLC.

This the 27 day of January, 2015.

_____
GERRY G. SEBASTIAN

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STOYAN MARKOV, GERRY G. SEBASTIAN, ZORICA ZUKIC, Individually and on Behalf of Other Similarly Situated Persons,<br><br>Plaintiffs,<br><br>VS.<br><br>GOLDEN ISLES CRUISE LINES INC., and APEX ENTERTAINMENT MANAGEMENT LLC.,<br><br>Defendants. | CIVIL ACTION NO. |

## CONSENT TO LEGAL ACTION

I, ZORICA ZUKIC, hereby consent to being a Plaintiff in the above styled action against GOLDEN ISLES CRUISE LINES, INC., and APEX ENTERTAINMENT MANAGEMENT, LLC. This the 26 day of 01, 2015.

_____
ZORICA ZUKIC

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STOYAN MARKOV, GERRY G. SEBASTIAN, ZORICA ZUKIC, Individually and on Behalf of Other Similarly Situated Persons,<br><br>Plaintiffs,<br><br>VS.<br><br>GOLDEN ISLES CRUISE LINES INC., and APEX ENTERTAINMENT MANAGEMENT LLC.,<br><br>Defendants. | CIVIL ACTION NO. |

## CONSENT TO LEGAL ACTION

I, STOYAN MARKOV, hereby consent to being a Plaintiff in the above styled action against GOLDEN ISLES CRUISE LINES, INC., and APEX ENTERTAINMENT MANAGEMENT, LLC.

This the 27 day of 02, 2015.

_____
STOYAN MARKOV