IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

STOYAN MARKOV, GERRY G.     *
SEBASTIAN, and ZORICA ZUKIC,     *
individually and on behalf     *
of other similarly situated     *
persons, and BILLY KIRKLAND,     *
    *
    Plaintiffs,     *
    *
    v.     *     CV 215-018
    *
GOLDEN ISLES CRUISE LINES, INC., *
and APEX ENTERTAINMENT     *
MANAGEMENT LLC,     *
    *
    Defendants.     *

**O R D E R**

In this case, Plaintiff has alleged that Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). To prove these alleged violations, Plaintiffs must show, *inter alia*, that Defendants employed "employees who in any workweek [were] engaged in commerce or in the production of goods for commerce, or [were] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1). Here, based on the allegations in their complaint, Plaintiffs have chosen to fulfill this requirement by setting

forth evidence that Defendants had employees "employed in an enterprise engaged in commerce." (Compl., Doc. 1.)

To prove the existence of "an enterprise engaged in commerce," Plaintiffs must present evidence of an enterprise that

> (i) ha[d] employees engaged in commerce or in the production of goods for commerce or that ha[d] employees handling, selling, or otherwise working on goods or materials that ha[d] been moved in or produced for commerce by any person; and
>
> (ii) [wa]s an enterprise whose annual gross volume of sales made or business done [wa]s not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(i)-(ii). Should Plaintiffs seek to make this showing with evidence of "employees handling, selling, or otherwise working on goods or materials that ha[d] been moved in or produced for commerce," they must present evidence indicating (1) that "at least two employees engage[d] in 'handling, selling, or otherwise working on goods or materials that ha[d] been moved in or produced for commerce by any person'" and (2) that these employees "handle[d] such goods or materials on a 'regular and recurrent basis.'" Exime v. E.W. Ventures, Inc., 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008)(quoting 29 U.S.C. § 203(s)(1)(A)(i); 29 C.F.R. § 779.238).

2

With their submitted exhibits, Plaintiffs have not provided sufficient evidence on the factual question of whether "an enterprise engaged in commerce" existed. As a result, the Court may consider this improperly supported fact to be undisputed for purposes of Defendant's motion. Fed. R. Civ. P. 56(e)(2). However, the Court may also provide Plaintiffs with "an opportunity to properly support or address" this fact. Fed. R. Civ. P. 56(e)(1). Here, the Court chooses the latter option and thereby **ORDERS** Plaintiffs to submit evidence of "an enterprise engaged in commerce" **no later than March 9, 2016.**

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of March, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3